**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

COMMUNITY CENTRAL BANK, a Michigan
Banking corporation,

       Plaintiff,

v.                                    Case No. 11-10059

MORTGAGE NOW, INC., an Ohio corporation,

       Defendant/Counter-Plaintiff/
       Third Party Plaintiff,

and

FEDERAL DEPOSIT INSURANCE
CORPORATION, *as Receiver of Community
Central Bank*,

       Counter-Defendant,

and

COMMUNITY CENTRAL MORTGAGE
COMPANY, LLC, a Michigan Limited Liability
Company,

       Third Party Defendant.

_____/

**ORDER GRANTING MORTGAGE NOW'S MOTION TO DISMISS**
**AND DENYING COMMUNITY CENTRAL BANK'S MOTION TO DISMISS**

During a status conference on November 29, 2011, Defendant/Counter Plaintiff/

Third Party Plaintiff Mortgage Now, Inc. ("Mortgage Now") stated its intent to seek

dismissal without prejudice of its own Counter Complaint and Third Party Complaint.  In

response, Counter Defendant Federal Deposit Insurance Corporation ("FDIC") as

receiver of Community Central Bank ("CCB") and Third Party Defendant Community

Central Mortgage Company, LLC ("CCM"), indicated that they would not agree to a

dismissal without prejudice because they intended to file their own motion to dismiss with prejudice. Because the parties could not agree on whether the dismissal of the Counter Complaint and Third Party Complaint would be with or without prejudice, the court instructed them to file their respective motions by December 20, 2011. The parties timely complied, and the motions are now ripe for review. The court heard oral argument on the motions on March 7, 2012. For the reasons stated on the record, and also articulated below, the court will grant Mortgage Now's motion and dismiss the Counter Complaint and Third Party Complaint without prejudice.

## I. BACKGROUND

Plaintiff CCB initiated this case on January 5, 2011, alleging subject matter jurisdiction through diversity of citizenship. *See* 28 U.S.C. § 1332. The complaint includes a claim for breach of contract and an alternative claim for unjust enrichment. On March 18, 2011, Mortage Now answered the Complaint and filed a Counter Complaint and Third Party Complaint against CCB and CCM asserting multiple state court causes of action arising out of the same underlying transactions. CCB and CCM filed an answer to the Counter Complaint and Third Party Complaint on April 1, 2011.

On April 29, 2011, CCB was closed by the State of Michigan Office of Financial and Insurance Regulation and the FDIC was appointed as receiver of CCB under 12 U.S.C. § 1821(c)(3)(A).

On May 20, 2011, Mortgage Now filed a motion to amend the Counter Complaint and Third Party Complaint to add additional claims against additional Third Party

Defendants.  However, five days later, because of the FDIC's involvement in the case, the court issued an order staying the case and administratively closing it.[1]

On September 13, 2011, counsel for Mortgage Now filed a motion to withdraw as counsel, which the court granted on October 14, 2011.  The court imposed certain obligations on Mortgage Now to timely find substitute counsel or risk default.  Mortgage Now failed to meet those obligations.  Thus, the case was reopened on November 7, 2011, and Mortgage Now was ordered to show cause why its claims should not be dismissed, and default should not be entered against it on CCB's claims.  The following day, Mortgage Now's new attorney filed an appearance and promptly withdrew the May 20, 2011 motion to amend.  CCB filed a motion for default judgment, which the court addressed in a status conference on November 29, 2011.  During the conference, the court informed the parties that the primary focus of the court's order to show cause and CCB's motion for default judgment was Mortgage Now's failure to obtain substitute counsel following the October 14 withdrawal of previous counsel.  That failure was rectified on November 8, 2011, and thus there existed no further basis for default judgment.[2]

During the same conference, the parties discussed their disagreement over the existing Counter Complaint and Third Party Complaint.  While all parties agreed it

---

[1]Meanwhile, on May 4, 2011, June 6, 2011, and July 6, 2011, the FDIC published notices in the Detroit Free Press stating that all creditors having claims against the former CCB should file those claims by August 3, 2011 or the claims would be disallowed under 12 U.S.C. § 1821(d)(5)(C).

[2]This discussion was memorialized in an order on January 3, 2012.

3

should be dismissed, the parties could not agree whether the dismissal would be with prejudice. The instant motions followed.

## II. STANDARD

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise a dismissal under this section is without prejudice. *Id.* The rule applies with equal force to "a dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c).

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir.1974)). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Id.* (citing *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir.1990)).

## III. DISCUSSION

Generally, when the court grants a motion to dismiss under Rule 41, "an abuse of discretion is found only where the [nonmovant] would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In making the assessing "plain legal prejudice," the court considers "such factors as the [nonmovant's] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the [movant] in prosecuting the action, insufficient explanation for the need to

4

take a dismissal, and whether a motion for summary judgment has been filed by the [nonmovant]." *Id.* (citations omitted).

After considering these factors, the court will grant Mortgage Now's motion. Despite the rather odd procedural posture of this case, the litigation is still in its infancy. This fact is due primarily to the stay associated with the FDIC's involvement in this action, not due to any action, or inaction, of Mortgage Now. While Mortgage Now failed to timely find substitute counsel, its delay in that regard was not inordinate. The court entered its order requiring substitute counsel on October 14, 2011, and counsel filed an appearance on November 8, 2011. This delay is hardly the type to justify a finding of lack of diligence, such as to deny the motion to dismiss. Further, after filing the appearance, Mortgage Now's counsel moved quickly to withdraw the previously filed motion to amend, and also timely complied with the court's instructions to file the instant motion to dismiss.

Although the FDIC and CCM have filed a dispositive motion in this case, that motion did not come until after Mortgage Now first raised its intent to file a motion to voluntarily dismiss this case at the November 29, 2011 status conference. Moreover, due to the long stay, followed by the motion to withdraw, the case has not yet concluded discovery, let alone approached trial. Thus, significant funds have not been expended in defending against the Counter Complaint and Third Party Complaint which would contribute to a finding of plain legal prejudice if the case were dismissed.

Indeed, in reviewing CCM and the FDIC's briefs, it appears that CCM and FDIC primarily want to avoid defending a second lawsuit involving what they contend are meritless, or rather, unexhausted claims. It is true that "[c]ourts readily find plain legal

5

prejudice where dismissal results in stripping a defendant of an absolute defense."
*Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007).  There
is no assertion, however, that CCM and the FDIC will somehow lose any of these
defenses in a future litigation, and the "mere prospect of a second litigation" is an
insufficient basis to avoid a dismissal without prejudice.  *Grover by Grover,* 33 F.3d at
718.

Finally, the court notes that the parties both appear to be primarily concerned
about the impact of the dismissal on unjoined third parties.  (*See* Mortgage Now's
Reply. at 3 n.2; *see also* FDIC's Resp. at 9-10.)  Mortgage Now is concerned that any
dismissal with prejudice could subsequently implicate res judicata or collateral estoppel
issues regarding claims against unjoined third party officers of CCB.  On the other hand,
the FDIC argues that any claims against officers or directors of CCB are unexhausted to
the same extent as claims against CCB itself.  This issue, however, is not properly
before the court.  Because the officers and directors are not parties to this litigation, the
court declines to determine whether claims against them are proper.  Indeed, the court
agrees with Mortgage Now that the possible res judicata implications against unjoined
third parties is an additional factor weighing in favor of a dismissal without prejudice.

Having determined that dismissal without prejudice is appropriate, the court will
also impose a condition on the dismissal.  Rule 41 provides that a dismissal can be "on
terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The rule also provides
that "[i]f a plaintiff who previously dismissed an action in any court files an action based
on or including the same claim against the same defendant, the court . . . may order the
plaintiff to pay all or part of the costs of that previous action."  Fed. R. Civ. P. 41(d)(1).

The court will impose this condition on Mortgage Now.  In the event that Mortgage Now attempts to re-assert any of the dismissed claims against the current parties of this litigation, Mortgage Now will be required to pay the reasonable attorneys fees expended in defending against the Counter Complaint and Third Party Complaint.  Specifically, Mortgage Now will be responsible for fees related to defending the claims up to a time just beyond that in which Mortgage Now offered to dismiss the Counter Complaint and Third Party Complaint without prejudice.  As discussed more thoroughly on the record, counsel are instructed to cooperate to arrive at a stipulated amount of fees, which shall be filed on the docket in a "Notice of Agreement of Fees," but which shall not be payable unless Mortgage Now reinstitutes the dismissed claims in a future action and a subsequent order of the court so compels.

## IV.  CONCLUSION

IT IS ORDERED that Mortage Now's motion to dismiss [Dkt. # 38] is GRANTED and the FDIC and CCM's motion to dismiss [Dkt. # 37] is DENIED as moot.

The Counter Complaint and Third Party Complaint are hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that counsel are DIRECTED to file a "Notice of Agreement of Fees," as explained above, by **March 23, 2012**.  In the event agreement cannot be reached as to this amount, Mortgage Now shall contact the court's case manager to arrange a telephone conference to discuss the issue.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 14, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 14, 2012, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522