**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

COMMUNITY CENTRAL BANK,

     Plaintiff,

v.                                                                                 Case No. 11-10059

MORTGAGE NOW, INC.,

     Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE***

Someone wanting to litigate a "claim" for money from "the assets" of a bank in

FDIC receivership must first take the claim to the FDIC for review.  12 U.S.C.

§ 1821(d)(13)(D)(i).  The bar to suing in court before FDIC review is jurisdictional.  In

this action Talmer Bank and Trust (TBT), which bought from FDIC the assets of a

defunct bank (the named plaintiff, Community Central Bank, (*see* Dkt. # 63 at 6)), sues

Mortgage Now, Inc. (MNI), which says by way of defense that it is owed some of the

assets TBT bought.  TBT argued in a motion for summary judgment that MNI's pursuit

of the assets is barred—MNI never sought FDIC review; but the motion was stricken

summarily because TBT submitted it after the dispositive-motion deadline.  TBT now

moves *in limine* to exclude from trial evidence of MNI's putative defense.  Ordinarily a

party may not circumvent a motion deadline or otherwise have a free "second bite" at an

issue simply by refreshing and re-framing its legal argument as an "evidentiary"

argument in a motion *in limine*.  *See Louzon v. Ford Motor Co.*, ___ F.3d ___, 2013 WL

2398042, *5-*6 (6th Cir. 2013); *Goldman v. Healthcare Mgmt Sys., Inc.*, 559 F.Supp.2d

853, 871 (W.D. Mich. 2008).  Because it is jurisdictional, however, the matter TBT

raises may, and should, be resolved at whatever time it is noticed.  *See Freeland v. Lib.*

*Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011); *see also* Fed. R. Civ. P. 12(h)(3).

MNI seeks the defunct bank's assets as a setoff, calling that a permissible

"affirmative defense"—even though a setoff, while labeled a "defense" on occasion,

functions as a counterclaim.  An affirmative defense designs to evade liability ("Even

though I may be liable, your time to sue me has run out"; "I did what you claim, but I'm

immune from suit," *etc.*).  Setoff, on the other hand, aims to meet liability with liability

("I'm liable? Well, so are you").  The defendant attempts to "set off"—subtract—from the

plaintiff's claim a debt the plaintiff owes the defendant.  20 Am. Jur. 2d *Counterclaim,*

*Recoupment, etc.* § 6 (2013).  A person raising an affirmative defense tries to duck; a

person seeking a setoff tries to *punch back*.  Hence the general rule that setoff "must be

asserted as a counterclaim rather than a defense."  20 Am. Jur. 2d *supra* § 6; *see also*

*id.* § 7.  And, in a case such as this, a counterclaim is a "claim" in need of FDIC review.

The common objection to treating a defense as such a "claim" is that people should not,

in anticipation of a lawsuit, have to present the FDIC hypothetical defenses that, in the

absence of a lawsuit, will remain dormant and useless.  A counterclaim, however, is just

a claim, like any other, that can stand alone.  In brief, nothing forced MNI to wait until

this action to "claim" some of the defunct bank's "assets," so nothing allows the

unreviewed "claim" for "assets" to proceed.  *Accord Am. First Fed., Inc. v. Lake Forest*

*Park, Inc.*, 198 F.3d 1259 (11th Cir. 1999) (holding that a defense of setoff is a "claim");

*Rathbun v. IndyMac Mortg. Servs.*, ___ F.Supp.2d ____, 2013 WL 75782, *4-*5 (D.

Mont. 2013) (same); *Resolution Trust Corp. v. Youngblood*, 807 F.Supp. 765, 770-71

(N.D. Ga. 1992) (same); *see also Multibank 2009-1 v. PineCrest*, 857 F.Supp.2d 1072,

1077-81 (D. Or. 2012).  Accordingly,

     IT IS ORDERED that the motion *in limine* [Dkt. # 66] is GRANTED in that MNI's

setoff defense is STRICKEN.

                          s/Robert H. Cleland
                         ROBERT H. CLELAND
                         UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 13, 2013, by electronic and/or ordinary mail.

                          s/Holly Monda for Lisa Wagner
                         Case Manager and Deputy Clerk
                         (313) 234-5522